# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELARGO HOLDINGS, LLC**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 16-210-SDD-EWD**

**DOE-68.105.146.38**

## ORDER AND REASONS

Before the Court is a Second Motion for Authorization to Seek Discovery, filed by plaintiff ELargo Holdings, LLC ("ELargo").[1]  ELargo requests permission to issue a subpoena compelling the appearance of a non-party at a deposition to determine the identity of the defendant, Doe-68.105.146.38 ("defendant"), who allegedly infringed upon ELargo's copyrighted motion picture.[2]  For the reasons that follow, the Motion is **GRANTED**.  The Court also imposes *sua sponte* a protective order.

### Factual Background[3]

ELargo is the copyright holder of the motion picture "Close Range."[4]  On March 31, 2016 ELargo filed a Complaint in this Court, seeking damages and injunctive relief for alleged copyright infringement under 17 U.S.C. § 101, *et seq*.[5]  In the Complaint, ELargo alleges that the unnamed defendant unlawfully reproduced and distributed ELargo's copyrighted motion picture by using the interactive "peer to peer" file transfer technology protocol called "BitTorrent," the mechanics of which are further described in the Complaint.[6]  Despite its attempt to identify the defendant,

---

[1] R. Doc. 15.
[2] R. Doc. 15 at 1.
[3] A detailed recitation of the factual background is set forth in this Court's May 31, 2016 Order (R. Doc. 7), granting ELargo's Motion for Authorization to Seek Discovery Prior to Rule 26(F) Conference (R. Doc. 3).
[4] R. Doc. 1 at 2.
[5] R. Doc. 1.
[6] R. Doc. 1 at 3.

ELargo was initially able only to identify the Internet Protocol ("IP") address assigned to the defendant by his or her Internet Service Provider ("ISP") on the date and at the time at which the defendant's infringing activity was observed.[7]

On March 31, 2016, ELargo also filed a Motion for Leave to Seek Discovery Prior to Rule 26(f) Conference, seeking authorization from the Court to issue a subpoena to the ISP that issued the IP address used by defendant to ascertain the identity of the account holder or subscriber for that IP address.[8]  ELargo identified Cox Communications, LLC ("Cox") as the ISP that managed defendant's IP address at the specific time of defendant's observed copyright infringement.[9] ELargo asserted that the level of activity associated with defendant's IP address indicates that defendant is an authorized user of the IP address with consistent and permissive access, such that defendant is likely the primary subscriber of the IP address or someone who resides with the subscriber.[10]  This Court granted the Motion on May 31, 2016 and issued a Protective Order *sua sponte* authorizing ELargo to serve a third party subpoena on Cox, but limiting the subpoena to providing ELargo with the name, address, telephone number, and email address of Doe-68.105.146.38.[11]

Thereafter, on September 23, 2016, ELargo filed a Second Motion for Authorization to Seek Expedited Discovery, seeking authorization to issue a subpoena compelling the appearance Lawrence Perteet, identified by Cox as the subscriber of IP address 68.105.146.38, at a deposition prior to the Rule 26(f) case management conference.[12]  According to the Motion, ELargo issued a subpoena to Cox on May 31, 2016 and Cox responded to the subpoena on August 1, 2016,

---

[7] R. Doc. 1 at 10.
[8] R. Doc. 3.
[9] R. Doc. 3-1 at 7.
[10] *Id.*
[11] R. Doc. 7 at 10.
[12] R. Doc. 15.

identifying the subscriber as Lawrence Perteet, 9145 Rue De Fleur in Denham Springs, LA 70706.[13]  ELargo contends that although the subscriber is often the actual infringer, the actual infringer in this case may be another person known to the subscriber.  To avoid naming a potentially innocent party as a defendant in this case, ELargo conducted further investigations to identify the actual infringer and discovered that Perteet's address is for a single family residence.[14] As in its prior motion, ELargo asserts the content and level of activity associated with Perteet's IP address indicates that the infringer is someone with permissive and consistent access to Perteet's IP address.  ELargo contends that the infringer is either Perteet or someone known to and residing with him or regularly visiting him.  ELargo notes that Perteet appears to have an adult child who may reside with him or visit on a regular basis.

Because ELargo could not determine the actual infringer, ELargo's counsel contacted Perteet to request his cooperation in identifying the alleged infringer.  In a letter dated August 1, 2016, ELargo's counsel advised Perteet of the filing of this action and Perteet's identification as the subscriber of the IP address associated with the infringing activity.[15]  ELargo's counsel also requested Perteet's voluntary cooperation in assisting with identifying the actual infringer and responsible party.[16]  Receiving no response to this request, ELargo's counsel sent a follow-up letter dated August 18, 2016, again seeking Perteet's cooperation and advising Perteet that ELargo would seek a formal subpoena to compel his assistance if necessary.[17]  ELargo claims that on August 26, 2016, its counsel received a telephone call from Perteet advising that his attorney would soon be contacting ELargo's counsel.[18]  Receiving no such telephone call, ELargo's counsel sent

---

[13] R. Doc. 15-1 at 3.
[14] *Id*.
[15] R. Doc. 15-2 at 4.
[16] *Id.*
[17] R. Doc. 15-2 at 6.
[18] R. Doc. 15-1 at 4.

a follow-up letter dated September 8, 2016, again requesting Perteet's voluntary cooperation in identifying the alleged infringer and warning Perteet that ELargo may seek a formal subpoena to compel his assistance.[19] ELargo asserts that Perteet has not responded to its amicable requests for cooperation. As such, ELargo contends the only way it can identify the actual infringer is by seeking authorization to issue a subpoena and take Perteet's deposition to discover the information he has regarding the identity of the actual infringer.

### Law and Analysis

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to command a non-party to attend and testify at a deposition or produce designated documents, electronically stored information, or tangible things in its possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). However, Fed. R. Civ. P. 26(d)(1) provides that, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts generally use one of the following two standards to determine whether a party is entitled to conduct expedited discovery: (1) the preliminary-injunction-style analysis set out in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982); or (2) the "good cause" standard, which has been used interchangeably with the "reasonableness" standard. *BKGTH Prods., LLC v. Does 1-20*, 2013 WL 5507297, at *4 (E.D. La. Sept. 30, 2013) (citing *St. Louis Group, Inc. v. Metals and Additives Corp., Inc., et al.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)).

---

[19] R. Doc. 15-2 at 7.

Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit, including this Court in this case,[20] have expressly utilized the "good cause" standard when addressing the issue. *See*, *BKGTH Prods., LLC*, 2013 WL 5507297 at *4.[21]  The good cause analysis takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made. *BKGTH Prods., LLC*, 2013 WL 5507297 at *4 (quoting *St. Louis Group*, 275 F.R.D. at 239 n.4).

"In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'"  *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group*, 275 F.R.D. at 239).  "[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'"  *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group*, 275 F.R.D. at 239-40).  The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek. *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (citations omitted).

"Irrespective of the standard applied, expedited discovery is not the norm." *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (citing *St. Louis Group*, 275 F.R.D. at 240).  However, in limited circumstances, district courts have allowed expedited discovery "when there is some showing of irreparable harm that can be addressed by limited, expedited discovery." *BKGTH*

---

[20] *See*, R. Doc. 7.

[21] See *St. Louis Group*, 275 F.R.D. at 239-40; *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Energy Prod. Corp. v. Northfield Ins. Co.*, 2010 WL 3184232, at *3 (E.D. La. Aug. 6, 2010); *Paul v. Aviva Life and Annuity Co.*, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009); *Rodale, Inc. v. U.S. Preventive Med., Inc.*,  2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008); *U.S. Commodity Futures Trading Comm'n v. M25 Inv., Inc.*, 2009 WL 3740627, at *1 (N.D. Tex. Sept. 29, 2009); *Philip Morris USA, Inc. v. Tin's, Inc.*, 2003 WL 22331256, at *1 (M.D. La. Apr. 23, 2003).

*Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group*, 275 F.R.D. at 240-41) (citing cases).  Courts have also allowed limited, expedited discovery when failing to do so would have substantially impacted the case from progressing on the court's docket.  *St. Louis Group*, 275 F.R.D. at 241 (citing cases).  "Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored."  *BKGTH Prods., LLC*, 2013 WL 5507297 at *6 (citing cases).

While the Court agrees with ELargo's contention that courts in other circuits have authorized the deposition of subscribers in situations such as those present here,[22] "good cause" still must be demonstrated.  *See, Pink Lotus Entertainment, LLC v. Doe*, 2012 WL 968061, at *2 (E.D. Cal. Mar. 21, 2012).   In *Pink Lotus Entertainment*, the district court denied two ex parte applications for leave to take expedited discovery, wherein the plaintiff sought permission to serve a discovery subpoena on a third-party account holder, because the plaintiff failed to show good cause for the discovery requested.  *Id.*  Specifically, the court found the plaintiff had not shown that good cause outweighed the likely prejudice that would result from deposing the third-party account holder allegedly associated with the IP address used to infringe upon the plaintiff's copyrighted video.  *Id.*  The court recognized that while courts have allowed expedited discovery in the form of limited document requests to obtain the name and contact information of account holders, the plaintiff's proposed oral deposition of the account holder was much broader because it sought facts about the account holder's involvement, if any, with the unauthorized distribution of plaintiff's video(s) via the account holder's IP address.  The proposed deposition also sought to learn about the account holder's computers and network setup, to assess the account holder's technical savvy, and to identify any other persons who had access to the account holder's computer

---

[22] R. Doc. 15-1 at 6-7.

and network.  *Id*.  The court ultimately concluded that, "[A]ssuming plaintiff has a good faith basis for its claims, plaintiff can name the account holder as a defendant, serve him with process, hold the Rule 26(f) conference, and conduct any discovery necessary.  Procedural vehicles exist to later add and/or dismiss defendants based on additional facts discovered, if necessary."  2012 WL 968061 at *3.

Another court in the same circuit reached a different conclusion under facts similar to the instant case.  *See, Voltage Pictures, LLC v. Doe-50.141.97.4*, 2015 WL 1579533 (D. Or. Apr. 9, 2015).  In *Voltage Pictures*, the district court granted the plaintiffs' ex parte motion to expedite discovery, allowing plaintiffs to determine the identity of the account holder assigned the IP address used by the defendant to infringe plaintiffs' copyrighted movie.  2015 WL 1579533 at *1. Plaintiffs were able to identify the account holder as a singular subscriber in an individual residence, but also learned that the residence was occupied by the subscriber, the subscriber's spouse, a second couple with ties to the subscriber, and possibly the subscriber's adult son.  *Id*. Because plaintiffs could not determine whether the subscriber was the actual infringer, plaintiffs contacted the subscriber to request his cooperation in determining the identity of the actual infringer.  When the subscriber failed to comply with the plaintiffs' request, plaintiffs filed a motion for leave to issue a Fed. R. Civ. P. 45 subpoena to the third-party subscriber, seeking to take the deposition of the subscriber.  2015 WL 1579533 at *3.

In determining whether to grant the motion, the court applied a two-part test created by the Ninth Circuit to determine when discovery to identify unknown defendants should be allowed. 2015 WL 1579533 at *4 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  The *Gillespie* court held that, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that

7

the complaint would be dismissed on other grounds." *Voltage Pictures, LLC*, 2015 WL 1579533 at *4 (quoting *Gillespie*, 629 F.2d at 642). The court in *Voltage Pictures* also noted that other courts within the Ninth Circuit have identified two additional elements as necessary to establish the "good cause" requirement for expedited discovery under Fed. R. Civ. P. 26(d)(1). *Voltage Pictures, LLC*, 2015 WL 1579533 at *4. The two additional elements are whether the doe defendants are identified with sufficient specificity that the court can conclude each defendant is a real person or entity that would be subject to the court's jurisdiction and whether the plaintiff has identified all previous steps taken to locate the elusive defendant. *Id.* (citations omitted).

The subscriber in *Voltage Pictures* argued that plaintiffs failed to meet two of the four elements because the complaint would not withstand a motion to dismiss and plaintiffs failed to provide sufficient facts regarding the previous steps taken to locate the defendant. 2015 WL 1579533 at *5. The court disagreed, finding that plaintiffs offered a sufficient description of the previous steps taken to identify the infringer by identifying the IP address and the general location, type and extent of the infringing activity in the complaint and that plaintiffs' claim under the federal Copyright Act would survive even if the state trademark claim was dismissed. *Id.* Turning to the remaining two elements, the court found it likely that the requested discovery would uncover the identity of the defendant in the instant case and that the allegations of the complaint, the identification of the IP address, and the type of infringing activity alleged make clear that the defendant is a real person subject to the court's jurisdiction. 2015 WL 1579533 at *6. Thus, the court in *Voltage Pictures* concluded that the plaintiffs satisfied all the elements required to allow them to engage in expedited discovery to determine the identity of the actual infringer. In granting the plaintiffs' motion for leave to issue a Fed. R. Civ. P. 45 subpoena to the third-party subscriber, the *Voltage Pictures* court noted that the parties had agreed to limit the deposition of the subscriber

8

to two hours, which the court found would not impose an undue burden or expense on the subscriber. *Id.*

Although the issue has not been addressed by the courts in this circuit, this Court finds the holding in *Voltage Pictures* persuasive and further finds that ELargo has shown good cause to allow the expedited discovery requested in the instant Motion.  As previously discussed, courts within this circuit apply the good cause analysis to determine whether a party is entitled to conduct expedited discovery.  *See*, *BKGTH Prods., LLC v. Does 1-20*, 2013 WL 5507297, at *4 (E.D. La. Sept. 30, 2013).  Under the good cause analysis, courts consider such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made.  *Id.* (citations omitted).  Good cause generally exists "where the need for expedited discovery outweighs the prejudice to the responding party."  *BKGTH Prods., LLC,* 2013 WL 5507297 at *5 (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc., et al.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011)).

Here, the breadth of the discovery requested by ELargo is narrow, as ELargo only seeks one subpoena to depose one subscriber in order to "avoid possibly ensnaring an innocent user of the IP address."[23]  As outlined in the instant Motion, ELargo contends that it has learned the identity of the subscriber of the IP address used to infringe its copyright, but that the actual infringer is likely the subscriber or someone residing at the subscriber's address.[24]  ELargo asserts that without additional information, it will not be able to identify the actual infringer.  The Court finds that ELargo has shown a pressing and legitimate need for the expedited discovery because it has no other way of identifying the actual infringer and prosecuting the claims raised in this

---

[23] R. Doc. 15-1 at 7.
[24] R. Doc. 15 at 1; R. Doc. 15-1 at 1, 3.

9

litigation.  ELargo further asserts that its request for expedited discovery was not made unduly far in advance of the typical discovery process and that it will work with the subscriber to schedule the deposition and minimize the burden on the subscriber.[25]

Based on the foregoing, the Court finds that the breadth of the discovery requested by ELargo is narrow, the purpose of the additional discovery will allow ELargo to identify the actual infringer and allow this case to progress on the Court's docket, the burden on the subscriber to appear and testify at a deposition can be minimized by imposing certain restrictions upon the duration and scope of the deposition requested, and the discovery request was not made unduly far in advance of the typical discovery process.  The Court further finds that ELargo would suffer irreparable harm if the Court denied its request, as ELargo has no other method for identifying the actual infringer and prosecuting its claims against the defendant in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Second Motion for Authorization to Seek Expedited Discovery[26] filed by ELargo is **GRANTED**, authorizing ELargo to take the deposition of Lawrence Perteet, the identified subscriber.

Further, the Court enters the following Protective Order *sua sponte* pursuant to Fed. R. Civ. P. 26(c)(1).[27]  To protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this case, **IT IS FURTHER ORDERED** that:

ELargo may immediately serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the identified subscriber, Lawrence Perteet, with the limited purpose of taking the oral deposition

---

[25] R. Doc. 15-1 at 7.
[26] R. Doc. 15.
[27] *See, Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB*, 2012 WL 4387420, at *3 (S.D. Tex. Sept. 25, 2012); *Pamlab, L.L.C. v. Brookstone Pharmaceuticals, L.L.C.*, 2010 WL 4363870, at *4 n.1 ("This Court has the authority to enter a protective order *sua sponte*.  *See, Seminara v. City of Long Beach*, 68 F.3d 481, 1995 WL 598097, at *4 (9th Cir. Oct. 6, 1995).").

of Perteet to ascertain the identity of the defendant and actual infringer, as identified by the IP address 68.105.146.38 in the Complaint.[28]  The deposition shall be limited to two hours in duration and shall be limited to providing ELargo with the name, address, telephone number, and email address, if known, of the person who allegedly used the IP address 68.105.146.38 to infringe upon ELargo's motion picture "Close Range."  ELargo must attach a copy of this Order to the subpoena.

The identified subscriber, Lawrence Perteet, shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena.

Any information ultimately disclosed to ELargo in response to a Rule 45 subpoena may be used by ELargo only for the purpose of protecting its rights as asserted in its Complaint.  The information disclosed may only be used by ELargo in this litigation and may not be disclosed other than to counsel for the parties.

Signed in Baton Rouge, Louisiana, on December 1, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] R. Doc. 1.